IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-00901-WDM-CBS

ADVANTEDGE BUSINESS GROUP,

    Plaintiff,

v.

MERIDIAN BENEFIT, INC., et al.,

    Defendants.

**ORDER**

Miller, J.

    This matter is before me Defendant Jeff Woody's Motion to Exclude Plaintiff's Expert, James Morris, Under <u>Daubert</u> and Request for Fed. R. Evid. 104 Hearing, filed August 24, 2006.  The motion does not comply with the Local Rules of this Court.  First, the motion is accompanied by a separate brief, in contravention of D.C.COLO.LCivR 7.1 C (requiring motions other than those filed under Rules 56 or 65 to "be supported by a recitation of legal authority *incorporated into the motion*") (emphasis added).  Second, the brief, which is over forty pages long, is prolix, in violation of D.C.COLO.LCivR 7.1 H (requiring motions and other filings to be "concise" and authorizing the court to strike filings that are, *inter alia*, "verbose").[1]  Finally, I question whether the motion is timely.  According to the docket sheet in this case, expert

---

    [1] Pursuant to my <u>Pretrial and Trial Procedures</u>, even briefs filed in support of a motion for summary judgment are limited to 20 pages.

disclosures were required to be made by October 9, 2003, almost three years ago, and the Final Pretrial Order was entered in April 2005, over a year ago.

Accordingly, it is ordered:

1. The Motion to Exclude Plaintiff's Expert, filed August 24, 2006, is stricken for failure to comply with D.C.COLO.LCivR 7.1 C, H.

2. On or before September 8, 2006, defendant Jeff Woody shall show cause why he has not waived a <u>Daubert</u> ruling by his delay in raising the issue before now.

3. If a motion for <u>Daubert</u> hearing is permitted after review of any response to the order to show cause, the motion shall comply with the Local Rules and shall be limited to ten pages.

DATED at Denver, Colorado, on August 28, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge