IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-00901-WDM-CBS

ADVANTEDGE BUSINESS GROUP,

    Plaintiff,

v.

MERIDIAN BENEFIT, INC., et al.,

    Defendants.

## ORDER

Miller, J.

This matter is before me on Defendant American Family Insurance Company's Motion for Entry of a Final Judgment and Taxation of Costs, filed April 26, 2006 (docket no. 310). On March 29, 2006, I entered an order (docket no. 309) granting summary judgment in favor of American Family Insurance Company ("American Family") on all claims asserted by Plaintiff. American Family requests that I issue a final judgment pursuant to Fed. R. Civ. P. 54(b) and a taxation of costs. American Family argues that there is no just reason for delaying entry of final judgment. I disagree and deny the motion.

    Fed. R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until final adjudication of the entire case by making an immediate appeal possible." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). Such orders are not to be made routinely in light of the limited purpose of Rule 54(b), which is to provide a recourse for litigants when dismissal of less than all of their claims will create undue hardship. *Id.* at 1242. Determining whether entry of final judgment is appropriate is a two step process: (1) the court must determine that the judgment is final; (2) the court must determine that there is no just reason for delay. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citing *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1 (1980)). The second factor is left to the sound discretion of the court and may take into account judicial administrative interests as well as the equities involved; factors that may be considered include whether the claims under review are separable from the others and whether the nature of the claims are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 8.

American Family's motion is not for the purpose of commencing an appeal, but rather so that it may immediately collect its costs. Plaintiff does not seek to appeal the summary judgment ruling, but rather resists American Family's motion on the grounds that the claims against American Family are not separable from the claims still pending against the remaining defendants. Since Plaintiff might seek to appeal portions of the summary judgment order, Plaintiff argues, this could result in piecemeal appeals

involving similar factual and legal issues.

I find that there are just reasons for delaying entry of final judgment in favor of American Family.  American Family seeks costs and does not identify any particular hardship that will result from waiting until all claims in this case are finally resolved.  In contrast, if final judgment is entered, Plaintiff will be forced to commence an appeal in order to preserve its appeal rights against American Family.  If Plaintiff prevails in its litigation against the other defendants, such an appeal might be unnecessary.  If Plaintiff is unsuccessful against the remaining defendants, appealing all legal and factual issues at once would be more efficient for the Court and the parties.

Under the circumstances, the balance of the equities do not weigh in favor of American Family and its motion is therefore DENIED.


DATED at Denver, Colorado, on November 27, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge