IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 02-WDM-00901-WDM-CBS

ADVANTEDGE BUSINESS GROUP,

    Plaintiff,

v.

MERIDIAN BENEFIT, INC., et al.,

    Defendants.

_____

**ORDER OF DISMISSAL**
_____

    This matter is before me on Defendants' Motion to Exclude Certain Testimony, Plaintiff's counsel's Motion to Withdraw and my March 13, 2007 order directing Plaintiff to show cause why this case should not be dismissed because of Plaintiff's failure to prosecute.

    This case has been actively litigated for almost five years until Plaintiff's sudden motion to vacate a scheduled *Daubert* hearing and counsel's companion Motion to Withdraw. The basis for both motions was the failure of the Plaintiff to communicate with counsel. The pending motions and certificates of mailing demonstrate that Plaintiff's counsel has notified the Plaintiff entity as well as representatives of that entity of counsel's intent to withdraw because the Plaintiff refused to communicate. Counsel's notice to Plaintiff included advising it of its duties pursuant to D.C.Colo.LCivR 83.3(D). On the basis of this record, I ordered Plaintiff to show cause under threat of dismissal with or without

prejudice. Plaintiff's counsel certifies that it provided Plaintiff with a copy of this order. Neither Plaintiff nor anyone on its behalf has filed any document or appeared at the rescheduled hearing on April 6, 2007. Plaintiff and defense counsel appeared but no one provided cause why this matter should not be dismissed.

In general, dismissal for failure to prosecute is without prejudice unless it would not serve the best interests of justice. Dismissal with prejudice is appropriate only if the following factors outweigh the judicial system's strong predisposition to resolve cases on their merits: (1) degree of actual prejudice to the defendant; (2) amount of interference with the judicial process; and (3) the culpability of the litigant. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). No party makes a showing of these factors and any resolution of them by me would necessarily be speculative. Accordingly dismissal without prejudice is appropriate so long as Plaintiff is made responsible for payment of Defendants' costs.

Accordingly, it is ordered:

1. Plaintiff's counsel's Motion to Withdraw (doc. no. 449) is granted;

2. Defendants' Motion to Exclude Evidence (doc. no. 408) is denied as moot;

3. This matter shall be dismissed without prejudice; and

4. Defendants may have their costs.

DATED at Denver, Colorado, on April 6, 2007.

BY THE COURT:


s/ Walker D. Miller

United States District Judge